IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**MELINDA H. GLASS,**

    **Plaintiff,**

vs.                                                                 CASE NO. 5:05cv24-RH/WCS

**JO ANNE B. BARNHART,
Commissioner of Social Security,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

This is a social security case referred to me for a report and recommendation pursuant to 28 U.S.C. § 636(b) and local rule 72.2(D). It is recommended that the decision of the Commissioner be affirmed.

**I.   Procedural status of the case**

Plaintiff, Melinda H. Glass, applied for disability insurance benefits and supplemental security income benefits. Plaintiff was 46 years old at the time of the administrative hearing, had a 12th grade education, and had past relevant work as a cook and cashier.

Plaintiff alleges disability due to pain and infection from a broken left ankle. The Administrative Law Judge found that although Plaintiff can no longer do her past relevant work, she has the residual functional capacity to do light work and, relying upon the "grids,"[1] is not disabled as defined by Social Security law.

## II. Legal standards guiding judicial review

The Court must determine whether the Commissioner's decision is supported by substantial evidence in the record and premised upon correct legal principles. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983)(citations omitted); Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005). "The Commissioner's factual findings are conclusive if supported by substantial evidence." Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002). "If the Commissioner's decision is supported by substantial evidence we must affirm, even if the proof preponderates against it." Phillips v. Barnhart, 357 F.3d 1232, 1240, n. 8 (11th Cir. 2004) (citations omitted). The court must give "substantial deference to the Commissioner's decision." Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005).

A disability is defined as a physical or mental impairment of such severity that the claimant is not only unable to do his previous work, "but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work

---

[1] The Medical-Vocational Guidelines, 20 C.F.R. § 404.1569, and appendix 2 to subpart P.

which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A). A disability is an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). Both the "impairment" and the "inability" must be expected to last not less than 12 months. Barnhart v. Walton, 535 U.S. 212, 122 S.Ct. 1265, 1272, 152 L.Ed.2d 330 (2002).

>The Commissioner analyzes a claim in five steps. 20 C.F.R. § 404.1520(a)-(f):
>
>1. Is the individual currently engaged in substantial gainful activity?
>
>2. Does the individual have any severe impairments?
>
>3. Does the individual have any severe impairments that meet or equal those listed in Appendix 1 of 20 C.F.R. Part 404?
>
>4. Does the individual have any impairments which prevent past relevant work?
>
>5. Do the individual's impairments prevent other work?

A positive finding at step one or a negative finding at step two results in disapproval of the application for benefits. A positive finding at step three results in approval of the application for benefits. At step four, the claimant bears the burden of establishing a severe impairment that precludes the performance of past relevant work. If the claimant carries this burden, the burden shifts to the Commissioner at step five to establish that despite the claimant's impairments, the claimant is able to perform other work in the national economy. Chester, 792 F.2d at 131; MacGregor v. Bowen, 786 F.2d 1050, 1052 (11th Cir. 1986). If the Commissioner carries this burden, the claimant must prove

that he or she cannot perform the work suggested by the Commissioner. <u>Hale v.
Bowen</u>, 831 F.2d 1007, 1011 (11th Cir. 1987).

**III.    Analysis**

Plaintiff first contends that the Administrative Law Judge improperly rejected her testimony as to pain.  Plaintiff testified that she could not return to her past work because she cannot sit or stand for long periods of time.  R. 29.  She said her left ankle swells and "it hurts too bad."  R. 30.  She said that she broke her ankle in three places, and had pins in her ankle.  *Id.*  She said she then got a severe staphlococcal infection and the pins were removed.  *Id.*  She said her ankle now hurts "a lot all the time."  R. 31. On a scale of one to ten, she said the pain was eight.  *Id.*  She took Advil for the pain, elevated her foot, and soaked it occasionally.  *Id.*  She said she elevated her foot above her heart at least five hours daily.  *Id.* and R. 33.  She said it had been years since she had a physician examine or treat her foot because she could not afford healthcare.  R. 32.

Plaintiff said that for a couple of hours each day she fixes her own breakfast, straightens up the kitchen, and vacuums the house; when her ankle begins to bother her, she sits down for a couple of hours and reads a book, watches television, or waters her plants.  R. 32-33.  She said that she could do activity for a couple of hours on her feet and then had to have a couple of hours off her feet.  R. 33.

Plaintiff's attorney states that he has been unable to acquire any treatment records for the period from 1994 to 1998, when the ankle injury occurred.  Doc. 12, p. 2. Plaintiff must rely, therefore, on a consultative examination by Kris Lewandowski, M.D. *Id.*, p. 3.

Dr. Lewandowski's examination took place on September 18, 2001.  R. 145.  Plaintiff related that she had had five surgeries on her ankle.  *Id.*  Dr. Lewandowski described Plaintiff as under "no visible distress."  *Id.*  He observed that she "walks with a limp, sits without problems."  *Id.*  He found that Plaintiff's lower extremities were equal in size and length, her joints were not swollen, tender, or deformed, and she had 100% mobility on passive and active movements bilaterally.  R. 146.  Except for Plaintiff's left calf, which was 2 centimeters smaller than her right calf, her muscles were of normal size and strength bilaterally.  *Id.*  He found that Plaintiff's left leg was swollen and had limitation of range of motion.  *Id.*  Plaintiff had difficulty with tip toe and heel walk, but could stand and balance on one extremity.  *Id.*  Dr. Lewandowski concluded that Plaintiff "walks with a mild limp without need for [an] assistive device."  *Id.*

On October 24, 2001, a residual functional capacity assessment was completed by R. Kelly Franklin.  R. 149-156.  It was determined that Plaintiff could occasionally carry 20 pounds, could frequently carry 10 pounds, could stand or walk for at least 2 hours in an 8 hour day, could sit about 6 hours in an 8 hour day, and had occasional postural limitations (climbing, balancing, stopping, kneeling, crouching, crawling) due to decreased range of motion of her ankle.  R. 150-151.  This essentially was a finding that Plaintiff can do a full range of light work, with postural limitations.  The Commissioner's rules define "light work" in part:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.  If someone

> can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. §§ 404.1567(b) and 416.967(b).

Pain which is reasonably attributed to a medically determinable impairment is relevant evidence for determining residual functional capacity. Social Security Ruling 96-8p, p. 4. Pain may affect either exertional or non-exertional capacity, or both. *Id.*, p. 6.

> In order to establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain. *See Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). If the ALJ discredits subjective testimony, he must articulate explicit and adequate reasons for doing so. *See Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987). Failure to articulate the reasons for discrediting subjective testimony requires, as a matter of law, that the testimony be accepted as true. *See Cannon v. Bowen*, 858 F.2d 1541, 1545 (11th Cir. 1988).

Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002). The reasons articulated for disregarding the claimant's subjective pain testimony must be based upon substantial evidence. Jones v. Department of Health and Human Services, 941 F.2d 1529, 1532 (11th Cir. 1991).

Here, the Administrative Law Judge correctly set forth the legal principles guiding his decision, R. 13, and then discussed Dr. Lewandowski's findings. R. 14. He found that while Plaintiff had established an underlying medical condition, she had not provided objective medical evidence confirming the severity of the alleged pain or provided evidence that the objectively determined medical condition could reasonably be expected to give rise to the claimed pain. *Id.* These conclusions are supported by

substantial evidence in the record. While Dr. Lewandowski found that Plaintiff's left calf had diminished by 2 centimeters due to her ankle impairment, had limitation of range of motion, and her ankle was swollen, he found she only walked with a mild limp and otherwise had no functional impairments.

The Administrative Law Judge's determination that Plaintiff's pain testimony was not credible to the degree alleged is supported by other evidence in the record. Specifically, Plaintiff takes only Advil for pain. Plaintiff said that she did not seek medical treatment for her pain because she could not afford to pay. "Poverty excuses noncompliance" with treatment that might have been sought had the claimant had the ability to pay. *Cf.*, Dawkins v. Bowen, 848 F.2d 1211, 1213 (11th Cir. 1988). However, the Administrative Law Judge denied Plaintiff's request for an x-ray or a consultative examination by an orthopedic physician. R. 34, 39. He reasoned that Plaintiff owned her house, worth $75,000, "free and clear," and her family could afford an airplane ticket to Atlanta to visit her children, and thus she and her family could afford to pay for these examinations. R. 39-40. This reasoning is sound. Had Plaintiff's pain been disabling to the degree alleged, she would have found a way to obtain some professional medical care.

The rejection of Plaintiff's pain testimony is also supported by Plaintiff's description of her daily activities. Evidence of daily activities is often not sufficient to discount pain testimony. Ross v. Apfel, 218 F.3d 844, 849 (8th Cir. 2000) ("The ability to perform sporadic light activities does not mean that the claimant is able to perform full time competitive work."); Foote v. Chater, 67 F.3d 1553, 1561 (11th Cir. 1995) (a conclusory citation to a claimant's "daily activities" as a basis for failing to believe her

testimony as to pain was insufficient where there was a medical condition that reasonably could have given rise to the pain described, and, although she testified that she cooked and shopped for herself, she had trouble putting on her clothing). But here, Plaintiff described daily activities which are consistent with an ability to do light work with the alternative of sitting for a few hours and then moving about for a few hours.

As a second basis for relief, Plaintiff contends that since she cannot do her past relevant work, the burden shifted to Defendant at step 5 to show the jobs in the national economy which Plaintiff still can do. Plaintiff argues that the ALJ erred by failing to call a vocational expert to testify to carry that burden. "The preferred method of demonstrating job availability when the grids are not controlling is through expert vocational testimony." Francis v. Heckler, 749 F.2d 1562, 1566 (11th Cir. 1985).

At step 5 the Commissioner may rely upon the "grids" to show that there are jobs which the Plaintiff can do despite her inability to return to her past relevant work.

> Exclusive reliance on the grids is not appropriate either when a claimant is unable to perform a full range of work at a given functional level or when a claimant has *non-exertional* impairments that *significantly* limit basic work skills.

Walker v. Bowen, 826 F.2d 996, 1002 (11th Cir. 1987) (emphasis added); Phillips v. Barnhart, *supra*, 357 F.3d at 1242. Pain is a non-exertional impairment: "Nonexertional limitations or restrictions affect an individual's ability to meet the other demands of jobs and include mental limitations, *pain limitations*, and all physical limitations that are not included in the seven strength demands." Phillips v. Barnhart, 357 F.3d at 1242, n. 11 (citations omitted, emphasis added). "When considering [a claimant's] nonexertional limitations, the ALJ need only determine whether [the claimant's] nonexertional

impairments *significantly* limit her basic work skills." *Id.*, 357 F.3d at 1243 (citations omitted, emphasis added).  This means "limitations that prohibit a claimant from performing 'a wide range' of work at a given work level." *Id.*

The ALJ implicitly found that Plaintiff's ankle impairment does not significantly limit her basic work skills.  This finding is supported by Dr. Lewandowski's examination discussed above.  While Plaintiff's ankle problems, including pain, caused her to have a mild limp, that degree of pain would not significantly limit Plaintiff's basic work skills.  This is also supported by the residual functional capacity assessment, which found that Plaintiff can do almost a full range of light work.  Reliance upon the "grids" without vocational testimony was proper in this case.

Accordingly, it is **RECOMMENDED** that the Commissioner's decision to deny Plaintiff's application for Social Security benefits be **AFFIRMED**.

**IN CHAMBERS** at Tallahassee, Florida, on September 1, 2005.


                s/   William C. Sherrill, Jr.
                **WILLIAM C. SHERRILL, JR.**
                **UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**